Case 2:13-cr-00345-CAS Document 78 Filed 07/18/16 Page 1 of 3 Page ID #:369

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSEPH BRENT RAMSEUR<br><br>Defendant/Petitioner. | Case No. CV 16-00002-CAS<br>CR 13-00345-MMM<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO STAY BRIEFING AND RESOLUTION OF DEFENDANT'S PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Dkt. 6, filed April 26, 2016)** |

On October 18, 2006, defendant was convicted of three counts of bank robbery in the District of Nevada and sentenced to 94 months of imprisonment followed by five years of supervised release. Defendant was released to supervision on February 15, 2013, and jurisdiction over defendant's case was transferred to this district and assigned to the calendar of Judge Margaret M. Morrow on May 16, 2013. Cr. Dkt. 2. On October 21, 2015, defendant was brought before the court to answer to a petition for revocation of his supervised release. Cr. Dkt. 54. At the revocation hearing, the court sentenced defendant to 10 months imprisonment followed by two years of supervised release. Id. On October 26, 2015, defendant filed a notice of appeal of the court's Judgment on Revocation of Supervised Release. Cr. Dkt. 59.

On November 23, 2015, defendant filed the instant motion seeking reconsideration of the court's sentence. Cr. Dkt. 63. On January 6, 2016, this case and defendant's motion were reassigned to the undersigned. Cr. Dkt. 69. On April 26, 2016, the Government filed the instant motion to stay the briefing and resolution of defendant's motion until defendant's pending appeal before the Ninth Circuit is resolved. Cr. Dkt. 77. Defendant has not filed an opposition to this motion.

As an initial matter, although defendant's motion is styled as a motion for reconsideration pursuant to Federal Rule of Criminal Procedure 60(b), the Court construes it as a motion to vacate, set aside, or correct defendant's sentence pursuant to 28 U.S.C. § 2255. In his motion, defendant raises various arguments attacking the validity of the court's revocation of his supervised release and the sentence imposed by the court. Section 2255 is the primary avenue for federal prisoners in custody to challenge their sentences. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). Because defendant's claims are addressed to his revocation and sentence, they should be brought in a motion pursuant to section 2255. The Court also notes that, prior to this case's reassignment to the undersigned, Judge Morrow issued an order indicating the court's intention to construe defendant's motion as a motion pursuant to section 2255. Cr. Dkt. 66

Turning to the merits of the Government's motion, "a district court should not entertain a habeas corpus petition while there is an appeal pending" before the Ninth Circuit. United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991) (quoting Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987)). This rule serves the interest of judicial economy. See Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959). While a district court possesses the authority to entertain a section 2255 motion while a defendant's appeal is still pending, the Ninth Circuit has made clear that this authority should be exercised only in "the most unusual circumstances." Jack v. United States, 435 F.2d

317, 318 (th Cir. 1970); See also United States v. Taylor, 648 F.2d 565, 572 (th Cir. 1981) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy."). Here, defendant has failed to demonstrate that his motion involves "extraordinary circumstances"—indeed, defendant not even responded to the Government's request for a stay. Accordingly, the Government's motion to stay the briefing and resolution of defendant's motion pursuant to 28 U.S.C. § 2255 is hereby **GRANTED**. The government is directed to advise the Court in writing within 14 days of the resolution of defendant's appeal. It is further ordered that this action, 2:16-cv-0002-CAS, be removed from this Court's list of active civil cases.

IT IS SO ORDERED.

Dated: July 18, 2016

_____
CHRISTINA A. SNYDER
United States District Judge