|   |                                                          |
|---|----------------------------------------------------------|
|   | O                                                        |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSEPH BRANT RAMSEUR ) Case Nos. 2:13-CR-00345-CAS - 1
)            2:16-CV-00002-CAS
         Plaintiff, )
           v. )
) **ORDER**
UNITED STATES OF AMERICA )
)
         Defendant. )
)
)

### I.     INTRODUCTION AND BACKGROUND

On October 18, 2006, defendant was convicted of three counts of bank robbery in the District of Nevada and sentenced to 94 months of imprisonment followed by five years of supervised release. On February 15, 2013, defendant commenced his initial term of supervised release. On May 16, 2013, jurisdiction over defendant's case was transferred to this district, where his case was randomly assigned to Judge Margaret M. Morrow. Cr. Dkt. 2.[1]

---

[1] In this district, Ramseur's criminal case was assigned case number 13-cr-00345. Ramseur's criminal docket is cited herein as "Cr. Dkt. [X]." Ramseur's civil case

-1-

In October 2013, defendant violated the conditions of his supervised release by both failing to report and using cocaine. Cr. Dkt. 66. On October 21, 2015, defendant admitted the foregoing violations. The Court revoked his supervised release and imposed a new sentence of 10 months imprisonment followed by two years of supervised release. Cr. Dkt. 54. On October 26, 2015, defendant filed an appeal of his October 21, 2015 sentence. Cr. Dkt. 59.

On November 23, 2015, defendant filed a motion styled as a motion for reconsideration of his October 21, 2015 sentence pursuant to Federal Rule of Civil Procedure 60(b). Cr. Dkt. 63. On December 31, 2015, the Court issued an order indicating its intent to construe the defendant's motion as a motion to vacate, set aside, or correct defendant's sentence pursuant to 28 U.S.C. § 2255. Cr. Dkt. 66. In its order, the Court instructed Ramseur that unless he withdrew the motion, the Court would construe it as a § 2255 motion. Id. The order also advised Ramseur that he could modify the motion to include any other § 2255 claims he wished to assert. Id.

On January 6, 2016, this case and defendant's motion were reassigned to Judge Christina A. Snyder. Cr. Dkt. 69. Ramseur failed to timely withdraw the instant motion or to supplement it in accordance with the Court's December 31, 2015 order.

On April 26, 2016, the Government filed a motion to stay the briefing and resolution of defendant's § 2255 motion until the appeal before the Ninth Circuit was resolved. Cr. Dkt. 77. On July 18, 2016, the Court granted the government's motion to stay consideration of the instant motion pending resolution of the appeal. Cv. Dkt. 7. The Court's order instructed the government to advise the Court in writing within 14 days of the resolution of defendant's appeal. Id.

On October 25, 2016, the Ninth Circuit affirmed Ramseur's sentence. United States v. Ramseur, 669 F. App'x 935 (9th Cir. 2016); Cr. Dkt. 82. The government failed

---

number is 16-cv-00002, generated upon defendant's filing of the instant motion. Ramseur's civil docket is cited herein as "Cv. Dkt. [X]."

to timely advise the Court in writing that defendant's appeal had been resolved. In light of the Ninth Circuit's ruling there does not appear to be any remaining basis for a stay. Accordingly, the Court hereby lifts the stay imposed on Ramseur's § 2255 motion. Neither party has filed additional briefing on the present motion; however, the Court finds this matter appropriate for resolution without further briefing.

During November and December 2016, while this motion was pending, Ramseur's urine samples tested positive for cocaine on three separate occasions in violation of the conditions of his supervised release. Cr. Dkt. 86. On January 4, 2017, the government filed a petition to revoke Ramseur's supervised release again. Id.

On January 9, 2017, the Court held a revocation hearing. Ramseur admitted to violating the terms of his supervised release and the Court sentenced him to the custody of the Bureau of Prisons for a term of thirty days to be followed by a two-year period of supervised release. Cr Dkt. 88. As a condition of his supervised release, Ramseur was to be placed in a residential reentry center (RRC) for up to six months or until placement in a residential drug treatment program could be secured. Id.

On January 30, 2017, the defendant self-surrendered to the United States Marshal's Service. Cr. Dkt. 91. On February 27, 2017, defendant commenced his most recent term of supervised release and reported to the RRC as directed. Defendant subsequently absconded from the RCC.

## II. LEGAL STANDARD

A prisoner in custody claiming the right to be released may move the court to vacate, set aside or correct his sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

## III. DISCUSSION

In the present motion, defendant seeks relief from the Court's October 21, 2015 revocation sentence which imposed 10 months imprisonment and 2 years of supervised

release. Defendant appears to allege ineffective assistance of counsel. Ramseur alleges that his attorney failed to adequately convey his employment history and job status to the Court and "refused" to advise him of optional sentencing electives, specifically that defendant qualified for a substance abuse treatment and reentry program.[2] Cr. Dkt. 63.

A proceeding under 28 U.S.C. § 2255 can be maintained only if the applicant is currently serving the sentence which is under attack. See Roberts v. United States, 365 F.2d 251, 251 (9th Cir. 1966). Subsequent terms of supervised release imposed upon offenders who repeatedly violate supervised release conditions constitute "separate and distinct terms" with their "own beginning and end (either by termination or revocation)." United States v. Wing, 682 F.3d 861, 864-65 (9th Cir. 2012). "A term of supervised release after imprisonment is not the balance or remainder of the original term of supervised release, but, rather, is a new and separate term." Id. at 870. "When a term of supervised release is revoked, the term is canceled." Id. at 868. Section 2255 "does not authorize [a prisoner] to challenge an earlier sentence after his term of custody has expired" and thus, a legal error asserted against a prior sentence "cannot be the basis of relief under Section 2255 for his separate revocation sentence." United States v. Newman, 830 F. Supp. 1339, 1341 (D. Or. 1993).

Ramseur challenges his October 2015 sentence of ten months imprisonment

---

[2] At the January 2017 revocation hearing, the Court granted Ramseur's request for placement in a residential reentry program until placement in an approved drug treatment program could be secured. Cr. Dkt. 88. In March 2017, Ramseur absconded from the reentry center, and it appears that he remains at large.

The defendant's criminal docket does not contain a returned warrant for his arrest. However, in a motion to withdraw as Rameur's counsel of record, attorney Thomas P. Sleisenger states that the Criminal Intake division of the U.S. District Court contacted him on June 14, 2017 regarding an initial appearance on a new revocation of supervision proceeding. Cr. Dkt. 95. The government has not filed a new petition for revocation of supervision in Ramseur's criminal docket (13-CR-0345), and this Court does not have notice of any such hearing.

followed by two years of supervised release. Cr. Dkt. 63. However, on January 9, 2017, the Court revoked defendant's October 2015 sentence of supervised release and imposed a "separate and distinct" term. Wing, 682 F.3d at 864, 870. Thus, the defendant is not currently serving the sentence challenged in the instant motion. Since a section 2255 motion can only be maintained against a sentence presently being served by a defendant, Newman, 830 F. Supp at 1341, the instant motion must be denied as moot.

Even if the Court were to reach the merits of Ramseur's claim for ineffective assistance of counsel, Ramseur has failed to establish any prejudice from his attorney's alleged misrepresentation of his employment status. "Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The "appropriate test" for prejudice is whether the defendant has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 894. Ramseur has not alleged facts "sufficient to undermine confidence in the outcome." Id. Accordingly, defendant's ineffective assistance of counsel claim is without merit.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED: June 29, 2017

*Christina A. Snyder*

Christina A. Snyder
United States District Judge